UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 09-20297

Honorable John Corbett O'Meara

v.

D-3 EDDIE ORAH,

    Defendant.
                                                /

**ORDER DENYING DEFENDANT'S MOTION TO QUASH ARREST WARRANT
AND TO DISMISS INDICTMENT**

This matter came before the court on defendant Eddie Orah's March 14, 2011 Motion to Quash Arrest Warrant and to Dismiss Indictment. The government filed a response March 17, 2011. No reply was filed, and no oral argument was heard.

A federal grand jury returned a three-count indictment against defendant Orah and three others on July 2, 2009. The four were charged with inducing a victim to travel in interstate commerce and defrauding him of $196,000, in violation of 18 U.S.C. § 2314. Defendant Orah, a fugitive, now moves to quash his arrest warrant and dismiss the indictment.

"The fugitive disentitlement doctrine limits access to courts in the United States by a fugitive who has fled a criminal [proceeding] in a court in the United States. The doctrine is long-established in the federal and state courts, trial and appellate." In re Prevot, 59 F.3d 556, 562 (6th Cir. 1995).

The statute cited by Defendant, 28 U.S.C. § 2466, as well as the case law upon which he relies, United States v. Degan, 517 U.S. 820 (1996), is inapplicable here, as they deal exclusively with forfeiture actions. Defendant Orah also relies upon In re Hijazi, 589 F.3d 401 (7th Cir. 2009), an unusual case in which the Lebanese defendant could not be extradited to the United States, the

alleged criminal conduct took place outside the United States, and the moving defendant had "never been in the country, he [had] never set foot in Illinois, and he own[ed] no property in the United States." Id. at 412.

In this case defendant Orah could be extradited from the United Kingdom, the alleged criminal conduct took place in the United States, and the defendant has admitted that he repeatedly traveled to the United States in 2006 to partake in the business deal giving rise to the charges in the indictment. Therefore, the court will deny Defendant's motion based on the fugitive disentitlement doctrine.

In addition, defendant Orah claims that the victim's grand jury testimony was "false, misleading, or inaccurate" and that "a more thorough investigation into the matter is warranted." Def's mot. at ¶¶ 24 and 25. However, a grand jury's probable cause determination is immune from pretrial evidentiary attack.

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits.

Costello v. United States, 350 U.S. 359, 408-09 (1956); see also United States v. Adamo, 742 F.2d 927, 935-36 (6th Cir. 1984).

In this case defendant Orah does not claim that the grand jury was illegally constituted or biased. On this basis too the court will deny Orah's motion.

**ORDER**

It is hereby **ORDERED** that defendant Eddie Orah's March 14, 2011 Motion to Quash Arrest Warrant and to Dismiss Indictment is **DENIED.**

        s/John Corbett O'Meara
        United States District Judge

Date:  May 4, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 4, 2011, using the ECF system.

        s/William Barkholz
        Case Manager